**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Catarino Escobedo Leon,

Petitioner,

v.

Eric Rokosky, et al.,

Respondents.

No. CV-26-04743-PHX-SPL

**ORDER**

Petitioner filed this action under 28 U.S.C. § 2241 challenging his immigration detention. (Doc. 1.) Pursuant to General Order 26-09, the Court directed Respondents to show cause why the Petition should not be granted. (Doc. 3.) In their Response, Respondents maintain Petitioner is an "applicant for admission" subject to mandatory detention as an "alien present in the United States who has not been admitted." (Doc. 6 at 2.) On July 30, 2026, however, the Ninth Circuit held that individuals "present without admission who are apprehended in the interior of the United States are subject to the detention regime of [8 U.S.C.] § 1226, not § 1225(b)(2)(A)." *Rodriguez Vazquez v. Bostock*, No. 25-6842, slip op. at 10 (9th Cir. July 30, 2026). The Court finds that Petitioner is not subject to mandatory detention under § 1225(b) and is entitled to a bond redetermination hearing.

Respondents then filed a status report arguing the Petition is moot because a bond redetermination hearing is scheduled to occur on August 13, 2026. (Doc. 8.) The Court declines to dismiss this action as moot because the bond hearing has not yet occurred. The

Court grants the Petition in part and orders a bond hearing.

**IT IS ORDERED:**

(1) Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **granted in part** as described herein.

(2) Respondents must release Petitioner from custody under the same conditions that existed before his detention or provide Petitioner a bond redetermination hearing within **SEVEN (7) CALENDAR DAYS** of this Order unless Petitioner requests a continuance, in which case Respondents must notify the Court and provide the continued date for the bond hearing. Petitioner—including any counsel—must be given at least two days' notice of the bond hearing.

(3) Respondents must provide a notice of compliance within **three days** of releasing Petitioner or providing Petitioner a bond hearing. **If applicable, that notice must include the result of the bond hearing.**

(4) Any pending motions are denied as moot and the Clerk of Court must enter judgment in Petitioner's favor and close this case.

Dated this 12th day of August, 2026.

Honorable Steven P. Logan
United States District Judge